# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-1048**  **September Term, 2022**

FILED ON: JANUARY 25, 2023

DON'T WASTE MICHIGAN, ET AL.,
   PETITIONERS

v.

U.S. NUCLEAR REGULATORY COMMISSION AND UNITED STATES OF AMERICA,
   RESPONDENTS

INTERIM STORAGE PARTNERS LLC,
   INTERVENOR

---

Consolidated with 21-1055, 21-1056, 21-1179, 21-1227, 21-1229, 21-1230, 21-1231

---

On Petitions for Review of Orders
of the Nuclear Regulatory Commission

---

Before: KATSAS and PAN, *Circuit Judges*, and TATEL, *Senior Circuit Judge*.

**J U D G M E N T**

This case was considered on the record from the Nuclear Regulatory Commission and on the briefs and arguments of the parties. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** that the petitions for review by Beyond Nuclear, Inc., are **DENIED IN PART** and **DISMISSED IN PART**. It is further

**ORDERED** that the petitions for review by Sierra Club, Don't Waste Michigan, and associated petitioners are **DENIED IN PART** and **DISMISSED IN PART**. It is further

**ORDERED** that the petition for review by Fasken Land and Minerals Ltd. and the Permian Basin Land and Royalty Owners is **DENIED**.

\* \* \*

In this case, we consider whether the Nuclear Regulatory Commission ("NRC") reasonably applied its hearing regulations when licensing a storage facility for spent nuclear fuel. Under the Atomic Energy Act ("AEA"), the NRC may promulgate regulations governing the possession and use of nuclear material. *See* 42 U.S.C. § 2201(b). This authority permits the NRC "to license and regulate the storage and disposal of [spent nuclear] fuel." *Bullcreek v. NRC*, 359 F.3d 536, 538 (D.C. Cir. 2004). When issuing a license, the NRC must grant interested parties an opportunity to participate in a contested evidentiary hearing. 42 U.S.C. § 2239(a). An interested party must petition for leave to intervene, demonstrate standing, and proffer an admissible "contention." *See* 10 C.F.R. § 2.309(d), (f). Admissible contentions must "provide sufficient information to show that a genuine dispute exists with the applicant/licensee on a material issue of law or fact." *Id.* § 2.309(f)(1)(vi). We have upheld these regulations as consistent with the AEA, the Administrative Procedure Act ("APA"), and the National Environmental Policy Act ("NEPA"). *Union of Concerned Scientists v. NRC*, 920 F.2d 50, 56–57 (D.C. Cir. 1990); *accord Blue Ridge Env't Def. League v. NRC*, 716 F.3d 183, 196 (D.C. Cir. 2013).

Storage and disposal, however, are different concepts. In the Nuclear Waste Policy Act ("NWPA"), Congress addressed plans to permanently dispose of spent nuclear fuel. Congress designated Yucca Mountain, Nevada, as the permanent-repository site. Approval of Yucca Mountain Site, Pub. L. No. 107-200, 116 Stat. 735 (2002). It tasked the Department of Energy ("DOE") with applying to the NRC for construction authorization and, if approved, constructing and operating the repository. 42 U.S.C. § 10134(a)–(b), (d)–(e). The NWPA prohibits DOE from taking title to spent nuclear fuel until it opens the permanent repository. *See id.* § 10222(a)(5)(A). Decades later, the Yucca Mountain project lies dormant. *See In re Aiken Cnty.*, 725 F.3d 255, 257–59 (D.C. Cir. 2013). Most of the nation's spent nuclear fuel, for now, is stored on-site at nuclear-reactor facilities.

In June and July 2018, Interim Storage Partners, LLC ("ISP") applied for a license to store spent nuclear fuel at a private facility it would build in Andrews County, Texas. *See Interim Storage Partner[s] Waste Control Specialists Consolidated Interim Storage Facility*, 83 Fed. Reg. 44,070, 44,071 (Aug. 29, 2018). The facility would store spent nuclear fuel in dry-cask storage systems on concrete pads. Under ISP's proposed license, the storage facility could not open without contracts "stipulating that the DOE or the other [spent nuclear fuel] Title Holder(s) is/are responsible for funding operations . . . ." J.A. 664 (emphasis omitted). The NRC published notice of this application in the Federal Register and provided an opportunity for interested parties to intervene. *Interim Storage Partner[s] Waste Control Specialists Consolidated Interim Storage Facility*, 83 Fed. Reg. at 44,071.

Several potential intervenors stepped up. Beyond Nuclear, Inc. ("Beyond Nuclear") argued that the proposed license violated the NWPA by permitting DOE to take title to spent nuclear fuel. Sierra Club, Don't Waste Michigan, and other environmental groups (together, the "Environmental Petitioners") contended that materials supporting the license failed to meet NEPA requirements. Finally, Fasken Land and Minerals, Ltd. and a group of Permian Basin land and royalty owners (together, "Fasken") petitioned to intervene, moved to admit an out-of-time contention, and moved to reopen the evidentiary record based on alleged deficiencies in the environmental report. The NRC's Atomic Safety and Licensing Board (the "Board") denied each

intervention petition and Fasken's motions. The NRC affirmed the Board's decisions.

The would-be intervenors then petitioned this Court for review.[1] Each petitioner asserted jurisdiction based on the Hobbs Act. *See* 28 U.S.C. § 2342(4); Beyond Nuclear Br. 1; Env't Pet'rs' Br. 1; Fasken Br. 1–2. The Clerk's Office consolidated the petitions into this action. While this action remained pending, the NRC issued ISP's storage-facility license. Beyond Nuclear and the Environmental Petitioners filed petitions for review challenging the license itself.[2] Those petitions were also consolidated into this action.

Beyond Nuclear asserts that the NRC acted arbitrarily, capriciously, or in a manner contrary to law, in violation of the APA, *see* 5 U.S.C. § 706, when it upheld the Board's rejection of Beyond Nuclear's contention in support of its petition to intervene. We disagree. Beyond Nuclear's contention stated that "the central premise of ISP's application — that the [DOE] will be responsible for the spent fuel that is transported to and stored at the proposed interim facility — violates the NWPA." *Interim Storage Partners LLC*, LBP-19-7, 90 N.R.C. 31, 56 (2019), J.A. 380. The Board rejected this contention for failing to raise a genuine dispute of law or fact. *See id.* at 57–59, J.A. 381–83. The NRC affirmed. *Interim Storage Partners LLC*, CLI-20-14, 92 N.R.C. 463, 468–69 (2020), J.A. 569–70. We see no error in these decisions. Beyond Nuclear's contention ignored the proposed license's plain text, which requires ISP to obtain contracts with *either* DOE *or* private entities, as the title-holders of spent nuclear fuel. All parties agree that DOE would violate the NWPA by taking title to and transporting spent nuclear fuel to the facility. But, by ignoring the possibility of private ownership, Beyond Nuclear's contention failed on its face.[3] The Board and the NRC thus acted reasonably in holding that Beyond Nuclear's contention did not demonstrate a genuine dispute of law or fact. *See* 10 C.F.R. § 2.309(f)(1)(vi).[4] We therefore deny Beyond Nuclear's petition for review of the intervention decision.

We lack jurisdiction to consider Beyond Nuclear's petition for review of the decision to issue the license. Beyond Nuclear brought that challenge to "ensure the ripeness of its claims" pertaining to the intervention petition. Beyond Nuclear Br. 2. "But under the Hobbs Act, our

---

[1] *Don't Waste Michigan v. NRC*, No. 21-1048 (D.C. Cir.); *Sierra Club v. NRC*, No. 21-1055 (D.C. Cir.); *Beyond Nuclear, Inc. v. NRC*, No. 21-1056 (D.C. Cir.); *Fasken Land & Minerals, Ltd. v. NRC*, No. 21-1179 (D.C. Cir.).

[2] *Sierra Club v. NRC*, No. 21-1227 (D.C. Cir.); *Sierra Club v. NRC*, No. 21-1229 (D.C. Cir.); *Beyond Nuclear, Inc. v. NRC*, No. 21-1230 (D.C. Cir.); *Don't Waste Michigan v. NRC*, No. 21-1231 (D.C. Cir.).

[3] Although Beyond Nuclear has argued that the "mere mention of the possibility of contracting with DOE renders ISP's license application unlawful," it omitted this argument in its contention. *Interim Storage Partners LLC*, 90 N.R.C. at 58, J.A. 382. Beyond Nuclear first argued this point at oral argument before the Board. *Id.* And it did not seek to amend its original contention despite an opportunity to do so. *Id.* at 59, J.A. 383.

[4] Nor did the Board or Commission err by rejecting Beyond Nuclear and Fasken's procedurally improper "motions to dismiss" the licensing proceedings. Hearing regulations funnel those challenges through petitions to intervene. *See* 10 C.F.R. § 2.309. The NRC denied the motions to dismiss without prejudice to the underlying arguments. *See* J.A. 40. Beyond Nuclear sought to appeal that decision to this Court. Order, *Beyond Nuclear, Inc. v. NRC*, No. 18-1340, Doc. No. 1792613 (D.C. Cir. June 13, 2019). But a special panel dismissed that petition — the NRC's decision was not a "final order" reviewable under the Hobbs Act. *Id.*

3

jurisdiction 'is invoked' only if a 'party aggrieved by the final order' files a timely petition for review." *Ohio Nuclear-Free Network v. NRC*, 53 F.4th 236, 239 (D.C. Cir. 2022) (quoting 28 U.S.C. § 2344). If "intervention in agency adjudication . . . is prerequisite to participation therein, standing to seek judicial review of the outcome will be denied to those who did not seek — or who sought but were denied — leave to intervene." *Water Transp. Ass'n v. ICC*, 819 F.2d 1189, 1192 (D.C. Cir. 1987). Because Beyond Nuclear was denied leave to intervene in the NRC's licensing proceeding, it does not qualify as a "party aggrieved" by the order issuing the license. *See Ohio Nuclear-Free Network*, 53 F.4th at 239. We therefore dismiss Beyond Nuclear's petition for review of the issuance of ISP's license.

The Environmental Petitioners bring two sets of NEPA challenges. First, they challenge the Board and the NRC's denials of their petitions to intervene. Second, they assert that the NRC, by ignoring deficiencies in the project's environmental impact statement, violated NEPA by issuing the license. We will consider the former claims but not the latter, which are forfeited. Although we ordered the Environmental Petitioners to address jurisdiction in their opening brief, they did not do so until their reply brief, which comes too late. *United States v. Van Smith*, 530 F.3d 967, 973 (D.C. Cir. 2008) ("We require petitioners and appellants to raise all of their arguments in the opening brief, and have repeatedly held that an argument first made in a reply brief ordinarily comes too late for our consideration." (internal quotation marks and citations omitted)). They thereby forfeited any argument that they are "part[ies] aggrieved" by the NRC's order issuing the license. *See Scenic Am., Inc. v. U.S. Dep't of Transp.*, 836 F.3d 42, 53 n.4 (D.C. Cir. 2016) ("Although a party cannot forfeit a claim that we lack jurisdiction, it can forfeit a claim that we possess jurisdiction."). We therefore dismiss their petition challenging the issuance of the license. We have reviewed the Environmental Petitioners' remaining claims and find them meritless. The Environmental Petitioners' contentions in support of intervention all sought to challenge the adequacy of the analysis in ISP's environmental report. *See* 10 C.F.R. § 2.309(f)(2) (requiring petitioners to file NEPA challenges through "contentions based on the applicant's environmental report"). In applying the APA's arbitrary-and-capricious standard of review, our role is not to "flyspeck" an environmental analysis for minor deficiencies. *Nevada v. Dep't of Energy*, 457 F.3d 78, 93 (D.C. Cir. 2006). The environmental report contained adequate consideration and discussion of the storage facility's environmental impacts; and the Board and Commission took the requisite "hard look" at the environmental impacts. *See Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 75 (D.C. Cir. 2011). We therefore deny the Environmental Petitioners' petition for review of their denied intervention.

Fasken appealed the denial of its motion to admit a new contention and its motion to reopen the record. Neither claim has merit. Fasken did not demonstrate good cause to file its new contention out of time, as required by NRC regulations. *See* 10 C.F.R. § 2.309(c). And, after reviewing the arguments Fasken offered to the NRC, we are convinced that the Commission properly affirmed the Board's denial of Fasken's motion to reopen. "[B]ecause the standards for reopening a closed proceeding are higher than those for admitting a new contention," *Blue Ridge Env't*, 716 F.3d at 188, and we affirm the rejection of Fasken's new contention, we need not apply the NRC's reopening regulations. We therefore deny Fasken's petition for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is

directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

                                           **FOR THE COURT:**
                                           Mark J. Langer, Clerk

BY:    /s/
            Michael C. McGrail
            Deputy Clerk